## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALEJANDRO SOLORZANO SALDIERNA<br><br>              Plaintiff,<br><br>    v.<br><br>CHAD WOLF, Acting U.S. Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KEN CUCCINELLI, Acting Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; WILLIAM P. BARR,U.S. Attorney General; CHRISTOPHER WRAY, Director of Federal Bureau of Investigations; FEDERAL BUREAU OF INVESTIGATIONS; in their official capacity,<br><br>              Defendants. | Case No.: 20-cv-11 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.      Plaintiff, Alejandro Solorzano Saldierna, respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's applications for Adjustment of Status (Form I-485) without further delay.  Plaintiff properly filed Form I-360, as the self-petitioning spouse of an abusive U.S. citizen with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on October 24, 2017. Plaintiff's Form I-360 was approved on September 9, 2019. Defendants have not adjudicated Plaintiff's properly filed Form I-485. Plaintiff's application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiff.  In the alternative, Plaintiff submits this complaint to

1

compel Defendants and those acting under them to adjudicate Plaintiff's properly filed Application for Employment Authorization (Form I-765). Plaintiff filed Form I-765 on May 29, 2019. His current employment authorization expired on January 5, 2020.

## JURISDICTION AND VENUE

2.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3.   Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each  agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is  subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency).  When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4.   8 U.S.C. § 1252, does not  deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole  and exclusive means for judicial review of an order of removal

entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. The 10th Circuit Court of Appeals has construed 8 U.S.C. § 1252 narrowly and has consistently found it lacks jurisdiction to review anything outside of a removal order. *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1243 (10th Cir. 2012); *Hamilton v. Gonzales*, 485 F.3d 564, 565–66 (10th Cir.2007); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir.2006) ("We have general jurisdiction to review only a final order of removal."); *Abiodun v. Gonzales*, 461 F.3d 1210, 1217 (10th Cir.2006); *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir.2004).

5.   Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications,

3

but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6.   Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case,* 151

4

F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and  Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7.   Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS  in the benefit application process. 8 U.S.C.  § 1103 provides that "[t]he Secretary of  Homeland Security *shall* be charged with the administration and enforcement of this Act  and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis  added). The regulations  further  provide  that  "If the application is granted, the alien shall be notified of the decision and issued an employment authorization document valid for a specific period and subject to any terms and conditions as noted. If the application is denied, the applicant shall be notified in writing of the decision and the reasons for the denial."  8 C.F.R.  § 274a.13(b)-(c). The language of  the  statute  and  the  above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to  adjudicate the application for employment authorization pending before them.

8.   As set forth below, the delay in processing the Plaintiff's properly filed applications for  adjustment of status and employment authorization is unreasonable.

9.     Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C).  Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements applies to the Plaintiff's complaint for a Writ of Mandamus.  The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS.  Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application.  Plaintiff has  no  other  adequate  remedy

available for the harm he seeks to redress – the failure of USCIS to process his application in a timely manner.

## PARTIES

11. Plaintiff Alejandro Solorzano Saldierna is citizen of Mexico. He was a victim of domestic violence at the hands of his U.S. citizen spouse and properly filed Form I-360 as the Self Petitioning Spouse of Abusive U.S.C. His From I-360 was approved and he is awaiting adjudication of his properly filed Form I-485 for adjustment of status and his properly filed Form I-765 application for employment authorization. Plaintiff is an Architect by profession and volunteers with local non-profits in the Santa Fe area. His work authorization has expired and he is at risk of losing his job.

12. Defendant Chad Wolf is the Acting Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

13. Defendant Ken Cuccinelli is the Acting Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). He is sued in his official capacity only.

14. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for adjustment of status and applications for employment authorization such as Plaintiff's.

15. Defendant William P. Barr is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for adjustment of status and employment authorization.  He is sued in his official capacity only.

16. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for adjustment of status and employment authorization.  He is sued in his official capacity only.

17. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for adjustment of status and employment authorization.

18. Defendants are in charge of the processing and adjudication of applications and related background checks for adjustment of status to lawful permanent resident and applications for employment authorization.

## LEGAL FRAMEWORK

Adjustment of Status

19. Foreign nationals who meet the requirement of 8 U.S.C. § 1255(a) or (i) may apply to have their status adjusted to that of a lawful permanent resident.

20. Either process requires a background check conducted by the FBI. Applicants submit their fingerprints at designated offices of Defendant USCIS.

21. The process for adjusting one's status is the same regardless of the basis for adjustment of status.  In other words, whether one is applying through a family relationship, employment, or self-petitioning as the abused spouse of a U.S. citizen, the process for applying to adjust status is the same.

Employment Authorization

22. An applicant for adjustment of status has the right to apply for an employment authorization document (EAD) concurrently with the application for adjustment of status.  8 C.F.R. § 274a.12(c)(9).

23. Until January 2017 USCIS was obligated to adjudicate these applications within 90 days.  8 C.F.R. § 274a.13(d) (effective prior to January 2017).  USCIS amended its regulation and eliminated the 90 day deadline despite multiple public comments to the contrary.  However even though an explicit deadline is no longer available the APA reasonableness standard remains.  *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

## FACTUAL AND PROCEDURAL BACKGROUND

24. Plaintiff married U.S. citizen Joseph Quarto on June 27, 2014. The marriage was entered into in good faith and Plaintiff and Joseph Quarto lived together as spouses.

25. On or about July 21, 2014, Joseph Quarto filed Form I-130 Petition for Alien Relative on behalf of Plaintiff, as the spouse of a U.S. citizen. Plaintiff filed Form I-485 Application to Adjust Status concurrently with the Form I-130. Exhibit 1.

26. After living together for some time and while the immigration forms were pending, Joseph Quarto began to emotionally, psychologically, physically, and sexually abuse and threaten Plaintiff. Plaintiff remained in the abusive relationship and sought therapy, trying to make his marriage work. Exhibit 2.

27. In or around July of 2017, Joseph Quarto broke into Plaintiff's home while he was away and removed Plaintiffs' furniture, personal documents, ID card, spare house and car keys and left the state. Exhibit 2.

28. On October 24, 2017, Plaintiff properly filed Form I-360 as the Self-petitioning Spouse of Abusive U.S.C. Exhibit 3. At the time, Plaintiff's previously filed I-485 was still

pending and Plaintiff requested that it be held in abeyance until a determination was made on the I-360. Defendant USCIS agreed to hold Form I-485 in abeyance pending adjudication of the I-360. Exhibit 4.

29. On May 29, 2019, Plaintiff filed Form I-765 to renew his employment authorization on the basis of his pending application for adjustment of status. Exhibit 5.

30. On September 9, 2019, USCIS approved Plaintiff's Form I-360. Exhibit 6. Plaintiff's I-485 and I-765 continue to be pending and are now outside of normal processing times.

31. Plaintiff's work authorization card expired on July 9, 2019, but was automatically extended for 180 days upon receipt of his properly filed I-765 renewal application. His 180 day automatic extension expired on January 5, 2020. Exhibits 5, 7.

32. Plaintiff had been waiting almost two years for his I-360 petition and I-485 application for adjustment of status to be adjudicated. Now that the I-360 petition is approved, Defendants are still withholding adjudication of his adjustment of status application.

33. Plaintiff has suffered prejudice from the delay in the processing of his applications. The years of waiting and living with uncertainty about his immigration status has affected his mental health. Exhibit 2

34. Plaintiff suffers from instability and uncertainty in his employment and has had to turn down work projects due to his inability to travel. Exhibit 2. He is not able to travel freely or obtain a Real ID driver's license. Plaintiff was prevented from pursuing an architectural project to build a campus for New Mexico State University in San Luis Potosi Mexico because of his inability to travel. Exhibit 2.

35. Plaintiff's mother is elderly and experiencing health issues. His brother is also suffering from a chronic illness. Plaintiff is unable to leave the country to visit his family and

care for his ailing family members until Defendants finish adjudicating his applications. Exhibit 2.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

36. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

37. Defendants in this case have failed to reach a decision on the application for adjustment of status and employment authorization.  This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs.  Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

38. The allegations contained in paragraphs 1 through 35 above are repeated and re-alleged as though fully set forth herein.

39. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action for which there is no other adequate remedy in court.  5 U.S.C. § 704.

40. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

41. The allegations contained in paragraphs 1 through 35 above are repeated and re-alleged as though fully set forth herein.

42. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly adjudicate Plaintiffs' application for adjustment of status and employment authorization.

43. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'"the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

44. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status and employment authorization, including submission of all necessary forms and supporting documents.

45. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status and application for employment authorization, thereby depriving the Plaintiff of his rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA),

"[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

46. The Defendants owe the Plaintiff a duty to adjudicate his adjustment of status application and employment authorization application, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his applications and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

47. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited almost two years for adjudication of his I-360 application, well beyond the agency's own published processing timeframe for such applications. Now that his I-360 application has finally been approved, Defendants are still withholding adjudication on

his adjustment of status and employment authorization. This is an unacceptable and unreasonable delay.

48. The Plaintiff is entitled to action on his long-pending adjustment of status  and employment authorization applications, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiff.

49. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the adjustment of status and employment authorization applications is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending applications for adjustment of status and employment authorization.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 7th day of January 2020.

/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblelawfirm.com